## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **SHANNON SIMMONS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Civil Action File No. |
| **vs.** | : | |
| | : | |
| **STAGE TEN ATLANTA, INC.** | : | |
| **and COURTNEY BAILEY,** | : | |
| | : | |
| **Defendants.** | : | Jury Trial Demanded |
| | : | |

---

## COMPLAINT

---

COMES NOW Plaintiff Shannon Simmons, by and through his attorneys, and asserts his claims against Defendants Stage Ten Atlanta Inc. and Courtney Bailey under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for due but unpaid minimum and overtime wages and other relief on the grounds set forth as follows:

## **INTRODUCTION**

### 1.

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. by Plaintiff, a former tow truck driver employed by Defendants Stage Ten Atlanta Inc. and Courtney Bailey based on Defendants' misclassifying Plaintiff

as an independent contractor and therefore exempt from the FLSA's minimum wage and overtime pay requirements. As a result, Plaintiff regularly received less than $7.25 per hour during each workweek and regularly worked in excess of forty (40) hours per workweek without receiving overtime wages as required by the FLSA.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Stage Ten Atlanta, Inc.'s principal place of business is located in this judicial district, its registered agent is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff Shannon Simmons resides in Fulton County, Georgia.

5.

Defendant Stage Ten Atlanta Inc.is a corporation organized under the laws of the State of Georgia.

6.

Defendant Stage Ten Atlanta Inc. can be served with process via its registered agent and CEO, Courtney Bailey at his business address of 864 Huff Road, NW, Atlanta, Georgia 30318.

7.

Defendant Stage Ten Atlanta Inc.is subject to the personal jurisdiction of this Court.

8.

Defendant Courtney Bailey ("Bailey") is the CEO and CFO of Defendant Stage Ten Atlanta, Inc.

9.

Defendant Bailey is the registered agent for Defendant Stage Ten Atlanta, Inc.

10.

Defendant Bailey may be served with process at his business address of 864 Huff Road, NW, Atlanta, Georgia 30318 or wherever he may be found.

11.

Defendant Bailey is subject to the personal jurisdiction of this Court.

12.

At all times material hereto, Defendants have jointly operated a tow truck service doing business as Stage Ten Towing whose principal place of business is located at 864 Huff Road, NW, Atlanta, Georgia 30318.

## **INDIVIDUAL COVERAGE**

13.

At all times material hereto, Plaintiff was "engaged in commerce" as an employee of Stage Ten Atlanta Inc.as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

Specifically, Plaintiff regularly operated tow trucks to provide towing services for disabled vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

## ENTERPRISE COVERAGE

### 15.

At all times material hereto, Stage Ten Atlanta Inc. has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### 16.

During 2012, Stage Ten Atlanta Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 17.

During 2013, Stage Ten Atlanta Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 18.

During 2014 Stage Ten Atlanta Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 19.

During 2015, Stage Ten Atlanta Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Stage Ten Atlanta Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, Stage Ten Atlanta Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2014, Stage Ten Atlanta Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2015, Stage Ten Atlanta Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

24.

Specifically, at all times material hereto, Stage Ten Atlanta Inc. had two or more employees who regularly provided towing services for disabled vehicles on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

25.

During 2012, Stage Ten Atlanta Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2013, Stage Ten Atlanta Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2014, Stage Ten Atlanta Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, Stage Ten Atlanta Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

At all times material hereto, Stage Ten Atlanta Inc. has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## STATUTORY EMPLOYER ALLEGATIONS

30.

Plaintiff Simmons worked for Stage Ten Atlanta Inc. as a tow truck driver at various times from approximately 2012 to date.

31.

Plaintiff was initially hired and classified as an employee by Defendants and performed work as a tow truck while classified as an employee.

32.

However, during Plaintiff's employment, Defendants reclassified Plaintiff as an independent contractor.

33.

Plaintiff's duties, number of hours worked and other terms and conditions of his employment did not change as a result of being reclassified as an independent contractor.

34.

At all times material hereto, the work performed by Plaintiff was integral to Stage Ten Atlanta Inc.'s business purpose (*i.e.*, a towing company).

35.

At all times material hereto, Plaintiff did not invest in Stage Ten Atlanta Inc.'s business such that he shared any significant risk of loss.

36.

At all times material hereto, Plaintiff did not utilize any special skills in the course of his work for Stage Ten Atlanta Inc.

37.

At all times material hereto, Plaintiff did not exercise independent business judgment in the course of his work for Stage Ten Atlanta Inc.

38.

At all times material hereto, Stage Ten Atlanta Inc. exercised significant, if not total control over the amount of Plaintiff's pay.

39.

At all times material hereto, Stage Ten Atlanta Inc. exercised significant control over Plaintiff's work hours by setting his work hours.

40.

At all times material hereto, Stage Ten Atlanta Inc. exercised significant control over how Plaintiff's work was performed.

41.

At all times material hereto, Stage Ten Atlanta Inc. was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

42.

At all times material hereto, Plaintiff was an "employee" of Stage Ten Atlanta Inc. as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

43.

At all times material hereto, Defendant Bailey exercised operational control over the work activities of Plaintiff.

44.

At all times material hereto, Defendant Bailey was involved in the day to day operation of Stage Ten Atlanta Inc.

45.

At all times material hereto, Defendant Stage Ten Atlanta Inc. vested Defendant Bailey with supervisory authority over Plaintiff.

46.

At all times material hereto, Defendant Bailey exercised supervisory authority over Plaintiff.

47.

At all times material hereto, Defendant Bailey scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

48.

At all times material hereto, Defendant Bailey exercised authority and supervision over Plaintiff's compensation.

49.

At all times material hereto, Defendant Bailey was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

50.

At all times material hereto, Plaintiff was an "employee" of Defendant Bailey as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

### 51.

At all times material hereto, Plaintiff worked six to seven days per week, from 8:00 a.m. to 8:00 p.m. and worked 60-84 hours per week on average.

### 52.

At all times material hereto, Plaintiff never left the State of Georgia to tow any vehicles.

### 53.

At all times material hereto, Plaintiff wore Defendants' Stage Ten Towing Uniform while performing towing services for Defendants.

### 54.

Plaintiff did not solicit customers himself, and all his efforts are directed at serving the customers of Defendants.

### 55.

All materials necessary for Plaintiff to perform his job as a tow truck driver, including the tow truck, was provided to Plaintiff by Defendants.

56.

At all times material hereto, Defendants compensated Plaintiff solely by paying Plaintiff a commission of 30% of the towing fee received by Defendants from its customers on each towing job worked by Plaintiff.

57.

At all times material hereto, Defendants never paid Plaintiff any wages.

58.

At all times material hereto, Plaintiff received no pay or compensation while on duty and waiting for towing assignments.

59.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion or the entirety of their earnings in commission each week.

60.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings (if any) be divided by the total hours worked in order to determine the regular hourly rate.

61.

During each applicable pay period, Defendants failed to calculate a regular rate for Plaintiff by dividing the sum total of the commission earned and other earnings (which in this case is none) by the total hours worked.

62.

Plaintiff's regular hourly rate of pay was frequently below the below minimum wage of $7.25 per hour.

63.

Defendants regularly made deductions from Plaintiff's pay to cover the cost of repairs to Defendant's tow truck.

64.

Defendants' deductions from Plaintiff's pay to cover the cost of truck repairs resulted in Plaintiff receiving less than the minimum wage of $7.25 per hour "free and clear", as required by 29 U.S.C. § 206(a)(1) and 29 C.F.R. § 531.35.

65.

29 U.S.C. § 207(a) requires that covered employers pay their employees at least time and one half of the employee's regular hourly rate of pay for all hours worked in excess of forty (40) in any given workweek, and pursuant to 29 U.S.C. §

206(a)(1)(C), that regular hourly rate of pay cannot be less than the minimum wage of $7.25 per hour.

66.

In most workweeks, Defendants failed to compensate Plaintiff at a pay rate equal to or above the minimum wage rate of $7.25 per hour for all hours worked up to forty (40) in any given workweek.

67.

In most workweeks, Defendants failed to compensate Plaintiff at an overtime pay rate equal to or above the minimum overtime wage rate of $10.875 per hour for all hours worked by Plaintiff in excess of forty (40) in any given workweek.

68.

Defendants' deductions from Plaintiff's pay to cover the cost of truck repairs resulted in Plaintiff receiving less than the minimum overtime wage of $10.875 per hour "free and clear", as required by 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 531.35.

69.

At all times material hereto, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

70.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

71.

At all times material hereto, Stage Ten Atlanta Inc. did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213(a).

72.

At all times material hereto, Stage Ten Atlanta Inc. did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

73.

At all times material hereto, Stage Ten Atlanta Inc. did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213(a).

74.

At all times material hereto, Stage Ten Atlanta Inc. did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213(a).

75.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)).

76.

At all times material hereto, Plaintiff's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

77.

At all times material hereto, Stage Ten Atlanta Inc. was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

78.

At all times material hereto, Plaintiff did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

79.

At all times material hereto, Plaintiff did not possess a commercial driver's license, nor was he required to possess one to work as a tow truck driver at Defendant Stage Ten Atlanta, Inc.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 206 AND 215 AGAINST BOTH DEFENDANTS
### (Minimum Wage Violations)

80.

Paragraphs 1 through 79 are incorporated herein by this reference.

81.

At all relevant times, Plaintiff was entitled to be paid $7.25 for each and every hour worked for Defendants in a given workweek.

82.

Defendants regularly failed to pay Plaintiff the equivalent of $7.25 per hour free and clear for each hour worked for Defendants in any and all given workweeks.

83.

Defendants' failure to compensate Plaintiff the equivalent of $7.25 per hour for each hour worked for Defendants in any and all given workweeks is a violation of §§ 206 and 215 of the Fair Labor Standards Act of 1938, as amended.

84.

Defendants' violation of §§ 206 and 215 of the Fair Labor Standards Act is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wages compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT TWO

## VIOLATION OF 29 U.S.C. §§ 207 AND 215 AGAINST BOTH DEFENDANTS
**(Overtime Pay Violations)**

85.

Paragraphs 1 through 79 are incorporated herein by this reference.

86.

Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours per week.

87.

Defendants paid Plaintiff no wages at all for the overtime hours worked by him.

88.

Defendants were legally required to pay Plaintiff at the rate of time and one half of the minimum wage rate (or the regular rate, whichever is higher) for all hours worked in excess of forty (40) in any and every given workweek.

89.

Defendants have failed and refused to adequately compensate Plaintiff at the legally required overtime wage for all work hours over forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

90.

Defendants' failure to compensate Plaintiff at the overtime rate of time and one half of minimum wage (or the regular rate, whichever is higher) for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a)     Take jurisdiction of this matter;

(b)     Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Issue a judgment declaring that Plaintiff was an employee of Defendants and was covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e)     Award Plaintiff proper payment of minimum wages for each hour worked from three years preceding the filing of this Action, and liquidated damages equaling 100% of that amount, as required by the FLSA;

(f)     Award Plaintiff proper payment for each overtime hour worked from three years preceding the filing of this Action, calculated at the rate of time and one half the applicable minimum wage (or regular rate, whichever is higher) which should have been paid to Plaintiff by Defendants, and liquidated damages equaling 100% of the overtime wages due to Plaintiff, as required by the FLSA;

(g)     Award Plaintiff prejudgment interest on all amounts owed;

21

(h)     Award Plaintiff nominal damages;

(i)     Award Plaintiff his reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

(j)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 6th day of January, 2016.

                                    */s/ Mitchell D. Benjamin*
                                    Mitchell D. Benjamin
                                    Georgia Bar No. 049888
                                    Kevin D. Fitzpatrick, Jr.
                                    Georgia Bar No. 262375

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
benjamin@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com          ATTORNEYS FOR PLAINTIFF